IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WALDEMAR GONZALEZ-VAZQUEZ<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent | CIVIL NO. 01-2185(HL)<br>re: Criminal 96-035-5(HL) |

# ORDER

Before the Court are petitioner's Objections to former Magistrate Judge Aída M. Delgado-Colón's Report and Recommendation. (Docket No. 15).

In her thoughtful and comprehensive Report and Recommendation, Magistrate Judge Delgado-Colón recommended that the petitioner's Section 2255 Motion be denied and the case be dismissed. (Docket No. 8). Petitioner failed to timely object the magistrate judge's Report and Recommendation, which was entered on June 8, 2004. Thereafter, the Court adopted the Report and Recommendation and, on June 29, 2004, judgment was entered accordingly. (Docket Nos. 10-11).

Notwithstanding petitioner's failure to timely object, on August 12, 2004, the Court granted petitioner's protracted request to file objections until September 3, 2004, so as to determine whether it should set aside its initial decision to adopt the magistrate judge's Report and Recommendation. (Docket No. 13). Petitioner finally submitted his objections signed August 27, 2004, accompanied by a pleading entitled "Pro Se Certificate of Service" dated September 3, 2004. Same were received and filed by the Clerk's Office on September 21, 2004. (Docket No. 15).

Also on September 3, 2004, petitioner submitted a letter motion indicating that he never received the Court's August 12, 2004, Order and thus did not learn of the September 3, 2004,

deadline until September 2, 2004. The letter-motion, which was also filed on September 21, 2004, is accompanied by a Clerk's Office envelope addressed to the petitioner and post-marked August 12, 2004. The envelope bears a hand-written note, allegedly authored and initialed by a prison counselor, indicating that the envelope, which presumably contained the Court's Order, was "given to inmate on 9/2/04." (Docket No. 14).

The Court has reviewed the petitioner's objections and revisited the magistrate judge's report and recommendation in attention thereto. None of petitioner's contentions moves the Court to reconsider its approval and adoption of the report and recommendation or its prior decision to enter judgment dismissing the petitioner's claims.

The Court pauses, however, in an effort to clarify the applicability of the case of Apprendi v. New Jersey, 530 U.S. 466 (2000), to the case at bar.[1] The Court has become aware that at the time Apprendi was decided, June 16, 2000, this Circuit had not yet entered its July 18, 2000 decision in the matter of petitioner's direct appeal (mandate ensued dated August 14, 2000). (Crim. No. 96-035-5 at Docket No. 605). United States v. González-Vázquez, 219 F.3d 37 (1st Cir. 2000). Although we recognize that the Apprendi case is not retroactively applicable to defendants whose cases were final at the time it was decided, it appears that such is not the case here.[2] In view of the above, the Court is duty-bound to ascertain information which could affect the fairness, integrity and public reputation of judicial

---

[1] In her report and recommendation, the magistrate judge concludes that petitioner's counsel was not ineffective in failing to raise the matter of the unconstitutionality of 21 U.S.C. § 841 in light of Apprendi. She concludes that petitioner's ineffective assistance claims should be dismissed because Apprendi is not to be applied retroactively on collateral review. The magistrate judge further reasons that regardless of retroactivity the U.S. Court of Appeals for the First Circuit has disposed of said issue *post-Apprendi* finding that Section 841's language is not constitutionally deficient.

[2] If so, appellate counsel, who was also trial counsel in this case, could presumably have brought the Apprendi decision to the Court of Appeals' attention prior to issuance of the mandate or, in the alternative, promptly moved to stay or recall the mandate, or thereafter request a rehearing and certiorari review.

CIVIL NO. 01-2185(HL)                                                                                       Page -3-
re: Criminal No. 96-35-5(HL)

proceedings, and in light thereof determine <u>Apprendi</u>'s applicability to the case at bar.

WHEREFORE, the Court orders the government to file, **no later than May 5, 2006**, a supplemental brief addressing <u>Apprendi</u>'s application to the case at bar and, if so, whether a properly instructed jury could have found, based on the evidence adduced at trial, that the offense involved the threshold quantity of drugs in support of the sentence imposed, consonant with <u>Apprendi</u>'s rule that any fact that increases the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of April, 2006.

                                                s/ Héctor M. Laffitte
                                                HECTOR M. LAFFITTE
                                                U.S. DISTRICT JUDGE